**AYERS, Appellant, v. STATE CIVIL SERVICE COMMISSION OF OHIO et. Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5876. Decided May 20, 1958.

Ralph Shapiro, Columbus, for appellant.
William Saxbe, Atty. Genl., Robert E. Boyd, Walter M. Shea, Thomas L. Startzman, Asst. Attys. Genl., Columbus, for appellees.

## OPINION

By PETREE, PJ.

This is a law appeal from a judgment of the Court of Common Pleas, which sustained an order of the State Civil Service Commission, which had affirmed the order of removal of the appellant, Dow B. Ayers, by the Director of the Department of Liquor Control.

The charges set forth in the order of removal by the Director of the Department of Liquor Control carry as a reason for appellant's discharge that he had been guilty of drunkenness and failure of good behavior in the following particulars:

"On April 5, 1957, while an employee with this Department, you were convicted in the Municipal Court of Mt. Vernon, Ohio of driving while intoxicated, and as a result of this conviction, were sentenced to pay a fine of two hundred (200) dollars and three (3) days in jail and one (1) year suspension of your vehicle driving rights; and on or about September 17, 1956, while an employee with this Department, you were convicted in the Municipal Court of Mt. Vernon, Ohio of driving while intoxicated and were sentenced to pay a fine of one hundred fifty (150) dollars and five (5) days in jail; and on September 1, 1953, you were convicted in the Municipal Court in Painesville, Ohio of driving while intoxicated and sentenced to pay a fine of one hundred fifty (150) dollars and ten (10) days in jail."

The portion of the charge pertaining to the conviction last mentioned therein, to wit, on September 1, 1953, was omitted in the stipulation of facts upon which the Department's case was based. The stipulation found at the last page of the record contained the following:

"It is stipulated that on September 17, 1956 the appellant, Dow B. Ayres, while an employee of the Department of Liquor Control, was convicted in the Municipal Court of Mount Vernon, Ohio of driving a motor vehicle while under the influence of intoxicating liquor and was sentenced to three days in jail and fined $150.00; that on April 5, 1957 the appellant, while an employee of the Department, was convicted in the Municipal Court of Mount Vernon, Ohio of driving a motor vehicle while under the influence of intoxicating liquor and was sentenced to three days in jail and fined $200.00."

While the facts stipulated in this particular paragraph just quoted would fall short of proof of drunkenness on the part of the appellant, yet facts which show that a person was sentenced to two terms of three days each in jail upon a charge, in each case, of driving while under the influence of intoxicating liquor and which resulted in appellant's paying substantial fines, would, in our opinion, be ample grounds for finding a failure of good behavior on the part of the appellant. We do not believe the principle of ejusdem generis argued by appellant in referring to §143.27 R. C., applies in this case. In other words, it is not necessary

that any other failure of good behavior be limited to the same type of behavior mentioned earlier in the statute for which one may be removed from the Civil Service, such as drunkenness.

In our opinion the record, taken as a whole, is such as to sustain the authority of the State Civil Service Commission to remove the appellant as a State Liquor Inspector. The conviction of a law-enforcement officer of an offense of driving a motor vehicle while under the influence of intoxicating liquor would seem to us to constitute a failure of good behavior, whether committed while said officer was off duty or while he was on the job.

In its decision the Court of Common Pleas found as follows:

"Upon consideration of the entire record, the Court finds that the order of the Commission is supported by reliable, probative and substantial evidence and is in accordance with law; and, therefore, affirms said order and dismisses said appeal therefrom."

With this we agree, and we conclude that neither of the two assignments of error is well taken. We hold, therefore, that the judgment of the Court of Common Pleas should be affirmed.

Judgment affirmed.

MILLER, J, concurs.
BRYANT, J, not participating.